# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **RICO DUKES,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:17-CV-2167-G** |
| | ) | |
| **DONALD TRUMP,** | ) | |
| **Defendant.** | ) | |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### I.

Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. The Court has not issued process pending preliminary screening.

Plaintiff alleges that President Donald Trump has violated various criminal laws including the tax laws and the Racketeer Influenced and Corrupt Organizations Act (RICO). Plaintiff seeks a criminal prosecution against President Trump.

### II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise

a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 162, 129

S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the

plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III.

Plaintiff seeks to prosecute President Trump for alleged violations of various criminal

statutes. The prosecution of state or federal criminal offenses, however, falls within the

exclusive jurisdiction of the executive branch of the state and federal government. *See Leeke v.

Timmerman*, 454 U.S. 83, 85-86 (1981) (quotations and quoted case omitted) ("a private citizen

lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Pierre v.

Guidry*, 75 Fed. Appx. 300 (5th Cir. 2003) (per curiam) (plaintiff has no right to bring a private

action under criminal statutes). Plaintiff therefore has failed to state a claim for relief, and the

complaint should be dismissed.

### IV.

The Court recommends that the complaint be dismissed under 28 U.S.C. § 1915(e).

Signed this __ day of _____, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).